DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PURDUE PHARMA L.P.,** *et al.*, | Case No. 19-[    ](RDD) |
| Debtors.[1] | (Joint Administration Pending) |

**DEBTORS' MOTION FOR AN ORDER EXTENDING THE TIME TO
FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES
OF CURRENT INCOME AND EXPENDITURES, SCHEDULES
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND STATEMENTS OF FINANCIAL AFFAIRS**

Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**," the "**Company**" or "**Purdue**") hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the **"Order"**), granting the relief described below. In support thereof, the Debtors refer to the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

contemporaneously filed *Declaration of Jon Lowne in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Lowne Declaration**") and further represent as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a statutory committee of creditors in these chapter 11 cases, nor has the Court appointed a trustee or examiner therein.

3. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

4. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the *Debtors' Informational Brief* filed contemporaneously herewith.

**Relief Requested**

5.    Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtors are required to file their (a) schedules of assets and liabilities, (b) schedules of current income and expenditures, (c) schedules of executory contracts and unexpired leases and (d) statements of financial affairs (collectively, the "**Schedules**") within 14 days after the Petition Date.

6.    By this Motion, the Debtors respectfully request that the Court, pursuant to Bankruptcy Rule 1007(c), extend the 14-day period to file the Schedules for an additional 30 days, without prejudice to the Debtors' ability to request additional time should it become necessary.

**Cause Exists to Extend the Time to File the Schedules**

7.    On the Petition Date, the Debtors filed with this Court a list of creditors holding the three (3) largest secured claims against the Debtors' estates on a consolidated basis and a list of creditors holding the fifty (50) largest unsecured claims against the Debtors' estates on a consolidated basis.

8.    Due to the complexity of their operations, the overwhelming number of contracts to which the Debtors are party and the numerous other matters that the Debtors must attend to in connection with filing these cases, the Debtors anticipate that they will be unable to complete the Schedules for the 24 Debtor entities in the 14 days provided under Bankruptcy Rule 1007(c).

9.    To prepare their Schedules, the Debtors must compile information from books, records and documents relating to potentially tens of thousands of claims, assets and contracts. This information is voluminous and is located in numerous places throughout the Debtors' organization. Collection of the necessary information requires an enormous expenditure of time and effort on the part of the Debtors and their employees. Additionally, because all invoices

related to pre-petition goods and services have not yet been received and/or entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the required information to prepare the Schedules.

10. Unavoidably, the Debtors' primary focus in recent months has been on preparing these complex cases for filing and reacting to the events surrounding the filing. While the Debtors, with the help of their professional advisors, are mobilizing their employees to work diligently and expeditiously on the preparation of the Schedules, resources are strained. Not only have the same employees with the expertise to complete the Schedules been diligently preparing for the chapter 11 filing, they have also been occupied by numerous other restructuring-related work streams.

11. In light of the amount of work entailed in completing the Schedules and the competing demands upon the Debtors' employees and professionals to assist in efforts to transition into the initial post-petition period under extraordinary circumstances, the Debtors will not be able to properly and accurately complete the Schedules within the required 14-day time period.

12. At present, the Debtors anticipate that they will require at least 30 additional days to complete their Schedules. The Debtors therefore request that the Court extend the 14-day period for an additional 30 days, through date 30 days from the end of the 14-day period, without prejudice to the Debtors' right to seek further extensions. The Debtors also request that they be permitted to seek any further extension by notice of presentment on five days' notice to the parties required to be served under any case management order entered in these cases, and that in such event (a) the deadline for the Debtors to file their Schedules then be automatically extended through and including the later of the date upon which the Court enters an order denying such

extension and any further date determined by the Court and (b) the Debtors be permitted to submit a bridge order to the Court reflecting such automatic extension, which bridge order may be entered with no further notice or opportunity to be heard afforded to any party.

13.  This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "any extension of time to file schedules, statements and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . trustee, examiner, or other party as the court may direct."

14.  The Debtors submit that the large amount of information that must be assembled and compiled, the multiple places where the information is located and the potentially hundreds of employee and professional hours required to complete the Schedules all constitute good and sufficient cause for granting the requested extension of time.  In addition, employee efforts during the initial post-petition period are critical, and the Debtors must devote their time and attention to business operations and potential disruptions to maximize the value of the Debtors' estates during the first critical months.

15.  Relief similar to that requested herein has been granted by courts in this jurisdiction in other chapter 11 cases. *See*, *e.g.*, *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) (extending the time to file schedules by 30 days); *In re Synergy Pharmaceuticals Inc.*, Case No. 18-14010 (JLG) (Bankr. S.D.N.Y. Dec. 14, 2018) (extending the time to file schedules by 14 days); *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018) (extending the time to file schedules by 45 days); *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y Feb. 26, 2018) (extending the time to file schedules by 45 days); *In re Pac. Drilling S.A.*, Case No. 17-13193

(MEW) (Bankr. S.D.N.Y Nov. 15, 2017) (extending the time to file schedules by 30 days); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Feb. 10, 2017) (extending the time to file schedules by 47 days); *In re The Great Atl. & Pac. Tea Co.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. July 21, 2015) (extending the time to file schedules by 30 days); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015) (same).

16. Accordingly, in view of the size and extraordinary nature of the Debtors' cases, the amount of information that must be assembled and compiled, the location of the information and the significant amount of employee time that must be devoted to complete the Schedules, the Debtors submit that ample cause exists for the requested extension.

### Notice

17. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) each of the Debtors' fifty largest unsecured creditors on a consolidated basis; (c) each of the Debtors' three largest secured creditors on a consolidated basis; (d) the Internal Revenue Service; (e) the United States Department of Justice; (f) the United States Attorney's Office for the Southern District of New York; (g) the attorneys general for all 50 states and the District of Columbia; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

### No Previous Request

18. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated:    September 15, 2019
         New York, New York

DAVIS POLK & WARDWELL LLP

By:  /s/ *Eli J. Vonnegut*

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
Benjamin S. Kaminetzky
Timothy Graulich
Eli J. Vonnegut

*Proposed Counsel to the Debtors
and Debtors in Possession*

# Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PURDUE PHARMA L.P., *et al.*, | Case No. 19-[    ](RDD) |
| Debtors.¹ | (Joint Administration Pending) |

ORDER EXTENDING THE TIME
TO FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS

Upon the motion (the "**Motion**")² of Purdue Pharma L.P. and its affiliates that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for an order pursuant to sections 105(a) and 521 of the Bankruptcy Code, and Bankruptcy Rules 1007 and 2002(d) granting an extension of the time within which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of current income and expenditures, (c) schedules of executory contracts and unexpired leases and (d) statements of financial affairs (collectively, the "**Schedules**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

[2] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to such term in the Motion.

requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Lowne Declaration filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Motion is hereby granted as set forth herein.

2. Pursuant to sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the time in which the Debtors shall file their Schedules is extended for an additional 30 days, through the date 30 days from the end of the 14-day period, without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

3. The Debtors are hereby permitted to seek any further extension by notice of presentment on five days' notice to the parties required to be served under any case management orders entered in these cases, and that in such event (a) the deadline for the Debtors to file their Schedules shall be automatically extended through and including the later of the date upon which the Court enters an order denying such extension and any further date determined by the Court and (b) the Debtors shall be permitted to submit a bridge order to the Court reflecting such automatic extension, which bridge order may be entered with no further notice or opportunity to be heard afforded to any party.

4. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and no other or further notice of the Motion or the entry of this Order shall be required.

White Plains, New York
Dated: _____, 2019

                                THE HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE